IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Edith Barker, | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
|---|---|
| Plaintiff, | |
| v. | Case No. 1:18-cv-68 DB |
| Utah Department of Environmental Quality et al. | District Judge Dee Benson |
| Defendants. | Magistrate Judge Brooke Wells |

On June 14, 2018, the court granted Ms. Barker's request to proceed *in forma pauperis*.[1] Plaintiff now seeks the appointment of counsel.[2] A party in a civil action has no constitutional right to appointment of counsel.[3] After reviewing Plaintiff's motion and the allegations in the case, the court will deny the motion.

Plaintiff brings a Title VII case alleging retaliation and violation of her rights under the Equal Protection Clause. Allegedly Defendants "intentionally chose to create and foster a hostile work environment."[4] A litigant asserting employment discrimination claims has no constitutional right or statutory right to appointed counsel.[5] "Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its discretion, appoint counsel for a plaintiff in

---

[1] ECF No. 2.

[2] ECF No. 6.

[3] *See Durre v. Dempsey*, 869 F.2d 543, 547, 1989 WL 16317 (10th Cir. 1989); *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969) ("We have often said, and it seems to be universally agreed, that no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action.").

[4] Complaint p. 2.

[5] *See Poindexter v. FBI*, 737 F.2d 1173, 1179 (D.C.Cir. 1984).

an employment discrimination action."[6] The Tenth Circuit has identified four factors to consider when determining whether to appoint counsel in a Title VII case. "Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel and (3) meritorious allegations of discrimination."[7] A fourth factor, the plaintiff's capacity to present the case without counsel, is to be considered in close cases.[8] Notwithstanding Congress's "special … concern with legal representation in Title VII actions"[9] Plaintiff has failed to make the required affirmative showings. For example, there is no record of Plaintiff attempting to secure counsel and even if those attempts had been made, it appears Plaintiff has the capacity to present the case adequately without counsel because she is an experienced litigant.[10]

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED and Plaintiff is instructed to respond to Defendants' Motion to Dismiss.[11]

DATED this 5 November 2018.

Brooke C. Wells
United States Magistrate Judge

---

[6] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421(10th Cir. 1992) (noting factors that are relevant in determining whether to appoint counsel for a civil litigant in a Title VII action).

[7] *Id.*

[8] *See id*.

[9] *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2nd Cir. 1983).

[10] For example, see *Barker v. Utah Department of Environmental Quality et al.* case no. 1:13-cv-89 CW D. Utah.

[11] ECF No. 13.