IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Edith Barker,<br><br>               Plaintiff,<br>v.<br>Smith et al.,<br><br>               Defendants. | REPORT AND RECOMMENDATION<br><br>Case No.1:18-cv-00068-DB-CMR<br><br>District Judge Dee Benson<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendants Scott Anderson, Scott Baird, Phil Goble, Gary Herbert, Brad Johnson, Craig Jones, Rusty Lundberg, and Amanda Smith's Motion to Dismiss ("Motion") (ECF 39) referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) by Judge Benson. After careful review of the pleadings, and for the reasons discussed below, the court RECOMMENDS that this matter be dismissed.

## I.  BACKGROUND

Plaintiff filed her original complaint against the Utah Department of Environmental Quality, the State of Utah, Scott Anderson, Scott Baird, Phil Goble, Gary Herbert, Brad Johnson, Craig Jones, Rusty Lundberg, and Amanda Smith on June 14, 2018, alleging retaliation in violation of 1) Title VII of the Civil Rights Act of 1964; 2) the Americans with Disabilities Act of 1990 ("ADA"); and 3) 42 U.S.C. § 1983 (ECF 3). Plaintiff subsequently filed an Amended Complaint (ECF 30) for the same causes of action against only Scott Anderson, Scott Baird, Phil Goble, Gary Herbert, Brad Johnson, Craig Jones, Rusty Lundberg, and Amanda Smith ("Defendants"). In filing the Amended Complaint, the State of Utah and Utah Department of Environmental Quality were removed from the case.

Defendants subsequently filed the present Motion pending before the court (ECF 39). In the Motion, Defendants moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) asserting that Plaintiff's Amended Complaint: 1) fails to allege subject matter jurisdiction; 2) fails to sufficiently allege she timely filed her charge of discrimination as required under Title VII and the American with Disabilities Act; 3) fails to allege facts sufficient to state a plausible §1983 claim; and 4) fails to allege facts sufficient to state a plausible claim under the ADA (ECF 39).

Plaintiff filed a Response arguing that: 1) her Title VII and ADA claims are cognizable against the individual defendants; 2) Defendants are individual representatives in official management capacities; 3) Defendants are not entitled to qualified immunity; and 4) the Amended Complaint contains specific facts as to each individually named defendant (ECF 42). Defendants filed a Reply reiterating their contentions that Plaintiff's claims should be dismissed (ECF 43).

## II.   ANALYSIS

Because Plaintiff is proceeding *pro se*, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of a pro se litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court will review the pending motion in light of these standards.

### A. Plaintiff cannot assert a Title VII or ADA claim against the individually named Defendants.

In the Tenth Circuit a plaintiff cannot proceed with Title VII claims against an individual. *Palmer v. Kaiser Found. Hosps. Tech. Risk Office*, 753 F. App'x 590, 593 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1380 (2019) (affirming magistrate judge's finding that Title VII claims were futile as to six individually named defendants because those individuals were not plaintiff's employers). The proper method for a plaintiff to recover under Title VII is by suing the employer. *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (an *employer* may be held liable for the unlawful employment practices of an individual when he or she operates as the alter ego of the employer). Similarly, the ADA does not provide for individual liability, only for employer liability. *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) ("[W]e hold that the ADA precludes personal capacity suits against individual who do not otherwise qualify as employers under the statutory definition"). Like Title VII, the definition of "employer" in the ADA is "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agents of such person." 42 U.S.C. § 12111(5)(A); *id.* § 2000e-2(a). "Agents of such person" refers to *respondeat superior* liability for the employer for the acts of its agents. *Mason v. Stallings*, 82 F. 3d 1007, 1009 (11th Cir. 1996); *Sauers*, 1 F.3d 1125.

Plaintiff's Amended Complaint is against individually named defendants only. Plaintiff has a sentence alleging "the Defendants were acting as her employer […] within the meaning of […] Title VII" (ECF 30 at ¶ 2-c), but other than that bald allegation, Plaintiff has no additional facts to support or allege that any of the individuals would meet the definition of employer (*i.e.*, a person engaged in an industry affecting commerce who has 15 or more employees). Rather, in providing the titles of the named Defendant individuals, it is clear the individual Defendants were employed by an entity and not Plaintiff's employing entity. Amanda Smith is identified as

3

the "Utah Department of Environmental Quality's Former Executive Director"; Brad Johnson is alleged to be the "Deputy Director"; Rusty Lundberg a "Division Deputy Director"; and Craig Jones and Phil Goble are identified as "Managers."

Plaintiff's ADA and Title VII claims fail as a matter of law and should be dismissed with prejudice.

### B. Plaintiff fails to state a claim for relief under § 1983.

Under the Rule 12(b)(6) standard, a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to meet this standard, a complaint must contain sufficient facts that, if accepted as true, would state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

In order to state a claim of a constitutional violation under 42 U.S.C. § 1983, a plaintiff must allege 1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, 2) proximately caused 3) by the conduct of a person 4) who acted under color of any statute, ordinance, regulation, custom, or usage of any State or Territory. *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (*citing* 1 Martin Schwartz, Section 1983 Litigation: Claims and Defenses, § 1.4 at 12 (3d ed. 1997)). However, in order to establish liability against an individually named supervisor, a plaintiff must show an "affirmative link" between the supervisor and the constitutional violation. *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767 (10th Cir. 2013). This requires: (1) personal involvement; (2) causation, and (3) state of mind. *Id*.

Plaintiff's Amended Complaint contains no factual allegations relating to the specific personal involvement, causation, or state of mind of Defendants Gary Herbert, Scott Baird, Scott

Anderson, Craig Jones, or Phil Goble regarding her § 1983 claim. Even accepting as true all the factual contentions in the Amended Complaint, Plaintiff fails to state a plausible claim for relief against Gary Herbert, Scott Baird, Scott Anderson, Craig Jones, or Phil Goble in their individual or supervisory capacities.

As to the remaining Defendants Amanda Smith, Brad Johnson, and Rusty Lundberg, Plaintiff's allegations as to them still fall short of stating a plausible claim for relief. While Plaintiff's Response to Motion (ECF 42) includes specific and concrete factual contentions regarding Smith, Johnson, and Lundberg's role in Plaintiff's termination, her Amended Complaint does not contain the same or sufficient allegations regarding Smith, Johnson, and Lundberg's personal involvement, causation, or state of mind. The allegations contained in her Response are irrelevant to the court's determination of whether her Amended Complaint fails to state a claim under Rule 12(b)(6). The case is now almost two years old, and Plaintiff has previously been granted leave to amend her complaint and cure these deficiencies. Accordingly, her § 1983 claim should be dismissed without prejudice.

Plaintiff currently has two additional cases pending in the District of Utah (Case Nos. 1:18-cv-00061; 1:18-cv-00068.) Of those cases, *Barker v. Utah Attorney General*, No. 1:18-cv-00061, involves the same individually named defendants as alleged herein (in addition to others), same interests, same facts, and the same relief is sought. In that case the court has recommended that Plaintiff be granted leave to amend her § 1983 claims. Accordingly, based upon the court's inherent power to manage its docket and the general principle to avoid duplicative litigation, *see Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976), Plaintiff's § 1983 claims should be dismissed in the

5

present matter as duplicative.  Plaintiff should be allowed to pursue her § 1983 claims as to the Defendants named herein in *Barker v. Utah Attorney General*, Case No. 1:18-cv-00061.

## RECOMMENDATION

The undersigned RECOMMENDS this case be DISMISSED with prejudice for failure to state a claim as to Plaintiff's Title VII and ADA claims.  As to the remaining § 1983 claims, the court recommends they be dismissed as duplicative of Case No. 1:18-cv-00061, but without prejudice.

Copies of the foregoing report and recommendation shall be mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy as required under Federal Rule of Civil Procedure 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12 February 2020.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah